SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
C.132-038S

Attorneys for Secured Creditor
CAL STATE CENTRAL CREDIT UNION

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Bk. No. 10-14016-AJ |
| VELMA M GUILLORY-TAYLOR | Chapter 13 |
| Debtor. | OBJECTIONS TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |
| | Hearing- Chapter 13 Plan Confirmation<br>Date: January 12, 2011<br>Time: 1:30 p.m.<br>Place: Bankruptcy Court<br>      99 South "E" Street<br>      Santa Rosa, CA 95404-6517 |

CAL STATE CENTRAL CREDIT UNION, its assignees and/or successors in interest, secured creditor of the above named Debtor, hereby objects to the confirmation of Debtor's proposed Chapter 13 Plan on the following grounds:

1. CAL STATE CENTRAL CREDIT UNION ("Lender") is the obligee under a note and security agreement, which is secured by a **2004 Chevrolet Tahoe LT Sport Utility 4D, VIN 1GNEK13T14R107174, License number 5CSS587,** ("Vehicle").

2. The following is a recap of the amounts claimed by Lender and the treatment of Lender's claim under the Plan.

| DEBTOR'S PLAN | LENDER'S CLAIM | GENERAL TERMS OF PLAN | |
|---|---|---|---|
| AMOUNT LISTED BY DEBTOR FOR LENDER'S CLAIM | TOTAL CLAIM AMOUNT OWED TO LENDER | LENGTH OF PLAN | FINAL PAYMENT DUE DATE ON LENDER'S LOAN |
| $6,575.00 | $14,633.93 | 60 months | |
| PROPOSED MONTHLY PAYMENTS TO LENDER | LENDER'S VALUE OF COLLATERAL | MISCELLANEOUS | |
| $123.37 | $14,800.00 | | |
| VALUE OF COLLATERAL LISTED IN PLAN | | | |
| $6,575.00 | | | |

3.      The secured amount owed to Lender on its secured loan is $14,633.93 pursuant to its proof of claim on file with this court.  However, the Debtor has specified in the Plan that Lender's claim is $6,575.00.  Where the allowed claim is secured by personal property, as Lender's claim is in this case, the valuation of the Vehicle should be determined based on its replacement value, without deducting sales or marketing costs. See 11 U.S.C. § 506(a)(2). Section 506(a)(2) states that "replacement value" means the "price a retail merchant would charge for property of the same age and condition at the time value is determined." 11 U.S.C. § 506(a)(2).  The Kelley Blue Book Market report dated November 3, 2010 sets the value of the Vehicle at $14,800.00.  A copy of the Kelley Blue Book Market report is attached hereto as Exhibit "A" and is incorporated herein by reference.  Lender requests that the court take judicial notice of this report pursuant to F.R.E. 201.

4.      Debtor has proposed to repay this claim at 5.50% interest over the life of the Plan. The contract rate of interest on this loan is 8.74%.  Debtor's Plan should provide a higher rate of interest to be paid to Lender.  In Till v. SCS Credit Corporation, the Supreme Court set forth a

OBJECTIONS TO CONFIRMATION OF PLAN
2
Case 10-14016    Doc# 16    Filed: 11/22/10    Entered: 11/22/10 12:32:53    Page 2 of 4

two-part "prime-plus" formula for the determination of interest paid to creditors under the cramdown provisions in chapter 13 plans. 541 U.S. 465, 478-479 (2004). The interest rate owed to creditors under this formula is the national prime rate adjusted upwards to account for risk. Id. The Supreme Court listed risk factors to be evaluated for the upward adjustment of interest as (1) "the circumstances of the estate," (2) "the nature of the security," and (3) "the duration and feasibility of the reorganization plan." Id. The Plan should provide for the contract rate of interest or, alternatively, it should provide for a rate of interest higher than that currently proposed in order to account for risk of nonpayment pursuant to the factors listed in Till, id, specifically because the Vehicle is a rapidly depreciating asset and because of the length of the plan. Because of the Debtor filing bankruptcy, the length of the Plan and the fact that the Vehicle is a rapidly depreciating asset, Lender is entitled to an increased interest rate. Because a higher interest rate will increase payments due under the Plan, the Plan is in violation of 11 U.S.C. § 1325(a)(6).

5. Further, given that Debtor has understated Lender's claim, the payments made under the Plan will be insufficient to repay the listed claims, thereby extending the plan duration beyond 60 months, which constitutes a violation of 11 U.S.C. §§ 1322(d) and 1325 (a)(6).

6. Debtor has proposed a minimum monthly payment to Lender of $123.37 per month to be paid to the Chapter 13 Trustee on Lender's claim. A minimum monthly payment of $123.37 puts the Plan in violation of 11 U.S.C. § 1325(a)(5)(B)(iii)(II), which provides that the amount of payments on a secured claim shall not be less than an amount that provides the secured creditor adequate protection.

7. Lender objects to any provision in Debtor's Plan that could be construed to require it to convey the Certificate of Title to Debtor prior to completion of the Debtor's obligations to fully repay Lender's claim under the Plan. Such provision violates 11 U.S.C. § 1325(a)(5)(B)(i)(I). Consequently, if Debtor proposes that her property shall revest upon confirmation, Lender objects to such a provision if it requires conveyance of the Certificate of Title prior to full payment of its secured and unsecured claims. Any such provision would directly contradict 11 U.S.C. § 1325(a)(5)(B)(i)(I).

1    WHEREFORE, Lender prays that Debtor's Plan not be confirmed and that these
2  proceedings be dismissed, unless these objections are remedied.

SCHEER LAW GROUP, LLP

DATED: November 22, 2010          /s/ REILLY D. WILKINSON
                                  REILLY D. WILKINSON
                                  #250086